NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JONATAN PEREZ, | No. 24-4058 |
| Petitioner - Appellant, | D.C. No.<br>2:23-cv-03105-GW-SK |
| v. | |
| J. ENGLEMAN, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, Senior District Judge, Presiding

Argued and Submitted November 7, 2024
Phoenix, Arizona

Before: HAWKINS, TASHIMA, and OWENS, Circuit Judges.

Jonatan Perez ("Perez"), an inmate in the custody of the Bureau of Prisons

("BOP") at a residential reentry program, appeals from the district court's denial of

his petition for writ of habeas corpus under 28 U.S.C. § 2241.  Perez challenges the

BOP's revocation of his good time credits for an alleged violation of a regulation

_____

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

prohibiting possession of a cell phone. We review the BOP's decision for "some evidence," *Superintendent v. Hill*, 472 U.S. 445, 447 (1985), and we agree with Perez that the record is devoid of evidence to support the violation as charged.

Perez was filmed by another inmate while he was cooking contraband food, and the video was uploaded to TikTok, where it was seen by a BOP staff member who took screenshots of the video. Perez was identified by tattoos on his arm, while the maker of the video was never discovered, and Perez consistently denied any involvement in the making or posting of the video. The BOP charged Perez with conduct disruptive to the security of the institution, most like possession of a cell phone. 28 C.F.R. § 541.3, tbl. 1, §§ 108, 199.

"The some evidence standard requires courts to determine whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. This evidence must have sufficient indicia of reliability." *Johnson v. Ryan*, 55 F.4th 1167, 1188 (9th Cir. 2022) (internal quotation marks and citations omitted). However, the record evidence—a screenshot of Perez cooking— does not show that Perez either possessed a cell phone or even consented to being filmed by one. In fact, the government has conceded that Perez's mere knowledge that he was being filmed would not be sufficient to support the charge. The government points out that Perez was filmed cooking contraband food; however, this allegation was not charged by the BOP, and there is a separate violation for

possession of contraband food that would have resulted in a loss of fewer good time credits. 28 C.F.R. § 541.3, tbl. 1, § 331.

The government also relies on an April 11, 2022, staff memo in which the person writing the memo indicates Perez "acknowledged" his involvement in the incident, but the memo contains no information about exactly how or to what extent Perez made such acknowledgement. As the magistrate judge found, this document lacks "sufficient indicia of reliability" to support the charge, especially because Perez has consistently denied involvement at all stages of the proceedings. *Johnson*, 55 F.4th at 1188. As such, the record in this case was "so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Hill*, 472 U.S. at 457.

**REVERSED AND REMANDED.** This court has previously issued an order directing the district court to order the BOP to reinstate Perez's good time credits.